IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RITHM CAPITAL CORP.

    Plaintiff,

v.

CHOICE MANAGEMENT, LLC, d/b/a RHYTHM FINANCIAL GROUP,

    Defendant.

C.A. No. 4:23-cv-3218

## COMPLAINT

Plaintiff brings this action seeking a declaratory judgment that: (1) restricts the scope of the services listed in Defendant's U.S. Patent and Trademark Office ("USPTO") Trademark Registration No. 6,350,199 for the mark RHYTHM FINANCIAL GROUP to exclude "real estate investment services" in order to make clear that such services are not (and have not been) covered by that mark (nor are they not "closely related" to those services); and (2) determines that Plaintiff is entitled to a federal registration of and to use its own marks, and that Plaintiff is not violating the Lanham Act by doing so.

## THE PARTIES

1.     Plaintiff Rithm Capital Corp. ("RCC") is a Delaware corporation with its principal place of business at 1345 Avenue of the Americas, New York, NY 10105. RCC is an asset manager focused on the real estate sector. It has offices in New York and the United Kingdom, it is a multi-billion-dollar company, and it provides its sophisticated clients with specialized real estate related investment services. It does not provide its services to individuals, nor does it provide financial planning and associated services to individuals.

2.	Upon information and belief, Defendant Choice Management, LLC d/b/a Rhythm Financial Group ("RFG") is a Nebraska limited liability company with its principal place of business at 17475 Birdsong Place, Hickman, Nebraska 68372. Upon information and belief, RFG has one location and a total of four employees: two LPL Financial Advisors, one Servicing Associate, and one Client Relations Coordinator. Upon information and belief, RFG provides retail-level financial planning and associated services to individuals.

## JURISDICTION AND VENUE

3.	This action arises under 15 U.S.C. §§ 1068, 1114, 1119, 1125; 28 U.S.C. §§ 2201, *et seq.*; and Rule 57 of the Federal Rules of Civil Procedure.

4.	This Court has original jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, as this action arises under the laws of the United States and the Declaratory Judgment Act.

5.	Pursuant to Neb Rev. Stat § 25-536 and the Due Process Clause of the U.S. Constitution, this Court has personal jurisdiction over RFG because it is incorporated in and "at home" in Nebraska (and this District), and because all of Defendant's facilities and employees are in Nebraska.

6.	Venue is proper in this District pursuant to 28 U.S.C. § 1391 because RFG is a resident of this District and a substantial part of the events, acts, or omissions giving rise to RCC's claims occurred in this District.

7.	Every allegation contained in the following paragraphs is incorporated herein.

## FACTUAL BACKGROUND

8.	RCC was founded in 2013 under Fortress Investment Group to capitalize on a compelling investment opportunity in mortgage servicing rights.

9. RCC has since grown into an investment platform with a diverse and opportunistic portfolio focused on the sophisticated and specialized real estate investment services and operating companies.

10. On or about June 20, 2022, RCC submitted an application with the USPTO to register the two marks, namely RITHM CAPITAL CORP and RITHM under Class 36: Investment management services; real estate investment services (U.S. Application Serial No. 97/466,161 and U.S. Application Serial No. 97/466,151) (individually and collectively, the "RCC Marks").

11. On or about March 30, 2023, RCC received Non-Final Office Actions from the USPTO stating that the registration for the RCC Marks was refused because of alleged likelihood of confusion with the mark in U.S. Registration No. 6,350,199 for RHYTHM FINANCIAL GROUP, for which Choice Management, LLC d/b/a RFG Financial Group is the listed owner of record (the "RFG Mark").

12. In the Non-Final Office Action, USPTO claimed that the marks were phonetically similar and that RCC's identified services ("Investment management services; real estate investment services") were closely related to the RFG services listed in the RFG Mark ("Financial planning; Investment advice; Investment consultation; Investment management; Investment of funds for others").

13. On or about April 12, 2023, RCC contacted RFG to explain that it had received a USPTO Non-Final Office Action refusing to register the RCC Marks because, according to the USPTO, they are likely to be confused with the RFG Mark. RCC explained that the marks and services are quite different and requested that RFG sign a letter of consent stating the same so that RCC could overcome the USPTO's refusal.

14. RFG, via its prior counsel, stated that it was unwilling to sign the letter of consent. Instead, RFG offered to sell the RFG Mark to RCC.  RCC declined.

15. On or about June 9, 2023, RCC responded to the March 30, 2023 Non-Final Office Actions and explained that it does "not provide financial planning or investment advi[c]e but rather [ ] buy[s] buildings and businesses and operates them" and expressed that it wished to remove "investment management services" from its identification of services – so that the application is more narrowly tailored to cover just RFG's "real estate investment services."

16. On or about June 16, 2023, RCC received Examiner's Amendments from the USPTO, which stated that the "trademark examining attorney has searched the USPTO database of registered and pending marks and has found no conflicting marks that would bar registration under the Trademark Act Section 2(d)" for the RCC Marks.

17. The USPTO accepted RCC's applications to register the RCC Marks, which have been published for opposition.

18. On or about July 25, 2023, RFG's new counsel sent RCC a cease-and-desist letter complaining about and challenging RCC's usage of the RCC Marks, attached hereto as Ex. 1 and incorporated herein by reference.  RFG's new counsel also indicated that it was planning to file oppositions to the registration of the RCC Marks.

19. In the cease-and-desist letter, RFG claimed that because RCC's services are closely related to RFG's services, which it contends are covered by the RFG Mark, RCC's use of the RCC Marks is likely to cause consumer confusion, leading consumers to mistakenly believe that RCC's services are affiliated with, connected to, or in some way associated with RFG.

20. As supposed support, RFG pointed to RCC's website which states that, "[RCC] has evolved into a leading manager of assets and investments across the real estate and financial

services space" and that "[a]s we build out our business and manage third-party capital, our hope is to generate recurring earnings for shareholders" and claimed that such services could be viewed as overlapping with the "investment management" services of the RFG Mark.

21.     Upon information and belief, RFG's sole focus, and the extent of the services that it has promoted and rendered under its RFG Mark (or intends to promote and render under its RFG Mark), is financial planning services and investment advisory services – largely (if not exclusively) to individuals.  RFG's website describes its "investment management" services as follows: "[a]s your life evolves, we will review your financial plan to make sure you are on track and make adjustments as new planning opportunities arise.  We believe in creating a long-term investment strategy by implementing appropriate asset allocation and diversification to address your specific goals."

22.     Nowhere in RFG's description of its "investment management" services, or anywhere else on its website, does the term "real estate" appear, which is the focus of the services offered by RCC, including under the RCC Marks.  Therefore, RFG is not offering any "investment management" services in the real estate sector, nor does it appear (at least from its website) to have any concrete intention of doing so.

23.     The July 25, 2023 cease-and-desist letter does not claim that RFG offers any real estate services which could lead to a likelihood of confusion between RCC Marks and the RFG Mark.  Rather, it merely broadly states that the confusion would stem from both marks being used to offer "investment management" services.

24.     Given the stark differences in not only the services these two companies provide, but also in their respective client bases and distinct markets the companies serve, there is no likelihood of confusion between the RCC Marks and the RFG Mark.

## COUNT I
**(Declaratory Judgment of Cancelation by Restriction Pursuant to 15 U.S.C. §§ 1068, 1119)**

25. RCC hereby realleges the foregoing paragraphs as though fully set forth in this claim for relief.

26. On or about July 25, 2023, RFG sent a cease-and-desist letter to RCC, which stated that RFG owns the RFG Mark, and that RCC was "not authorized to use the [RCC] mark[s], or any similar variations thereof, in any way, particularly in connection with services that, at the very least, are closely related to those services offered by RFG and covered by the [RFG] mark, RCC's use of the [RCC] mark is likely to cause consumer confusion, leading them to mistakenly believe that RCC's services are affiliated with, connected to, or in some way associated with RFG, which is not the case."

27. RCC is entitled to declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 because there is an actual and justiciable controversy over whether use of the RCC Mark "is likely to cause consumer confusion" and because RFG is seeking to oppose the allowance of the application to register the RCC Marks by the USPTO.

28. RFG's use of the RFG Mark is not (and has not been) in connection with "real estate investment services," nor are the "real estate investment services" offered by RCC "closely related" to the services offered by RFG (and/or covered by the RFG Mark).

29. RCC seeks a declaration that the services, "Financial planning; Investment advice; Investment consultation; Investment management; Investment of funds for others " listed in RFG's Trademark Registration No. 6,350,199 should be amended or restricted to exclude reference to "real estate investment services" so that the services recitation in RFG's Trademark Registration No. 6,350,199 reads , "Financial planning; Investment advice; Investment consultation; Investment management; Investment of funds for others, all of the foregoing

excluding real estate investment services," and requests that this Court order the implementation of such restriction by the USPTO.

30. The entry of the proposed restriction to the identified services in RFG's registration will clarify that there is no likelihood of confusion between the RCC Marks and the RFG Marks by making it clear that there is no overlap in the services of RCC and RFG. The proposed restriction will make clear that RCC's "investment services" are real estate focused, while RFG's investment managements services do not cater to the real estate sector.

31. The entry of the proposed restriction is also appropriate because RFG is not using the RFG Mark in connection with "real estate investment services," as explained in greater detail above.

## COUNT II
### (Declaratory Judgment of No Lanham Act Violations)

32. RCC hereby realleges the foregoing paragraphs as though fully set forth in this claim for relief.

33. On or about July 25, 2023, RFG sent a cease-and-desist letter to RCC, which stated that RFG owns the RFG Mark and that RCC's use of RCC Marks "constitutes trademark infringement under 15 U.S.C. § 1114 and false designations and misrepresentations as to the origin or source of the services under 15 U.S.C. § 1125."

34. There is no likelihood of confusion, trademark infringement, or false designations and misrepresentations, including within the meaning of 15 U.S.C. § 1114, as a result of, RCC's use of the RCC Marks and RFG's use of the RFG Mark.

35. RCC is entitled to declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 because there is an actual and justiciable controversy over whether its use of the RCC Marks "constitute trademark infringement" or "false designations and misrepresentations" and because RFG is

seeking to oppose the registration of RCC's applications for the RCC Marks by the USPTO.

36. RCC also seeks a declaration that there is no right, title, or interest of RFG, that would prohibit the registration of the RCC Marks or the use of RCC's Marks.

## COUNT III
### (Declaratory Judgment of No Likelihood of Confusion)

37. RCC hereby realleges the foregoing paragraphs as though fully set forth in this claim for relief.

38. On or about July 25, 2023, RFG sent a cease-and-desist letter to RCC, which stated that RFG owns the RFG Mark, and that RCC is "not authorized to use the [RCC] mark[s], or any similar variations thereof, in any way, particularly in connection with services that, at the very least, are closely related to those services offered by RFG and covered by the [RFG] mark, RCC's use of the [RCC] mark is likely to cause consumer confusion, leading them to mistakenly believe that RCC's services are affiliated with, connected to, or in some way associated with RFG, which is not the case."

39. In that letter, RFG also stated that it owns the RFG Mark and that RCC's use of RCC Marks "constitutes trademark infringement under 15 U.S.C. § 1114 and false designations and misrepresentations as to the origin or source of the services under 15 U.S.C. § 1125."

40. There is no likelihood of confusion, including within the meaning of 15 U.S.C. § 1125 and otherwise, as a result of RCC's use of the RCC Marks and RFG's use of the RFG Mark.

41. RCC is entitled to declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 because there is an actual and justiciable controversy over whether its use of the RCC Marks "is likely to cause consumer confusion" and because RFG is seeking to oppose RCC's application to register the RCC Marks with the USPTO.

42. RCC seeks a declaration that no right, title, or interest of RFG, including but not limited to its use of the RFG Mark, prohibits RCC from registering the RCC Marks or RCC's use of the RCC Marks.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment in its favor and against Defendant providing the following relief:

A. Enter a judgment, pursuant to 15 U.S.C. §§ 1068, 1119, ordering the USPTO to amend and/or restrict RFG's Trademark Registration No. 6,350,199 to list the covered services as "Financial planning; Investment advice; Investment consultation; Investment management; Investment of funds for others, all of the foregoing excluding real estate investment services."

B. Enter a judgment declaring that RCC, by applying for registration of the RCC Marks and using the RCC Marks, has not violated and is not violating any rights of RFG relating to trademark infringement under 15 U.S.C. § 1114 and false designations and misrepresentations as to the origin or source of the services under 15 U.S.C. § 1125;

C. Enter a judgment declaring that the use of the RCC Marks is not likely to cause customer confusion leading them to believe that RFG's services are affiliated with RCC;

D. Award RCC its reasonable attorneys' fees in bringing this action as allowed by law;

E. Award RCC costs incurred in bringing this action; and

F. Award RCC other relief as this Court deems just and proper.

## PLACE OF TRIAL

Pursuant to Nebraska Civil Rule 40.1(b), RCC requests that the trial take place in Lincoln, Nebraska.

DATED: November 16, 2023

Respectfully submitted,

*/s/ Mary Ann Novak*
Mary Ann Novak (#24851)
HILGERS GRABEN PLLC
1329 Lincoln Mall, Suite 200
Lincoln, NE 68508
Telephone: (402) 218-2106
Facsimile: (402) 413-1880
mnovak@hilgersgraben.com

*Attorneys for Plaintiff*

*Of Counsel:*

Benjamin M. Stern (*pro hac vice* forthcoming)
Ritika Bhakhri (*pro hac vice* forthcoming)
NUTTER MCLENNEN & FISH LLP
155 Seaport Blvd.
Boston, MA 02110
Telephone: (617) 439-2000
Facsimile: (617) 310-9142
bstern@nutter.com
rbhakri@nutter.com